FILED IN OPEN COURT
U.S.D.C Atlanta

SEP 15 2009

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: BEAZER HOMES USA, INC. ) <br> SECURITIES LITIGATION ) <br> ) <br> This Document Relates To: ) <br> ) <br> ALL ACTIONS ) <br> ) | **Master File No:** <br> 1:07-cv-725-CC |

## ORDER AND FINAL JUDGMENT

On the 15th day of September, 2009, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of May 4, 2009 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses, and the Court having considered all matters

submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the common stock of Beazer Homes (USA), Inc. ("Beazer") during the period January 27, 2005 through and including May 12, 2008 (the "Class Period"), except those persons or entities excluded from the definition of the Class, as shown by the records of Beazer's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over the *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

2. The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the

claims of the Class Representatives (the Lead Plaintiffs) are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons or entities who purchased the common stock of Beazer during the Class Period. Excluded from the Class are the Defendants, members of the immediate families (parents, spouses, siblings, and children) of each of the Individual Defendants, all directors, officers, parents, subsidiaries and affiliates of Beazer, all members, partners, principals and affiliates of Deloitte, any person, firm, trust, corporation or entity in which any Defendant during the Class Period had a controlling interest or which is related to or affiliated with any of the Defendants, and the legal representatives, heirs, successors in interest or assigns of any such excluded party. Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs, Glickenhaus & Co. and Carpenters Pension Trust Fund for Northern California, as Class Representatives.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto. Plaintiffs' Co-Lead Counsel has filed with the Court proof of mailing of the Notice and Proof of Claim and proof of publication of the Publication Notice.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against the Defendants.

8. Lead Plaintiffs and all the other members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns have released and discharged, and are hereby permanently barred and enjoined from initiating, continuing, filing, or otherwise prosecuting any and all claims, debts, suits, demands, rights or causes of action or liabilities, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, judgments, variances, executions, obligations, demands, rights, liabilities, losses, fees, and costs of any kind, nature and/or description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, suspected or unsuspected, contingent or non-contingent, whether or not asserted, threatened, alleged or litigated, at law, equity or otherwise, including without limitation,

claims for contribution or indemnification, or for costs, expenses (including, without limitation, amounts paid in settlement) and attorneys' fees, claims for negligence, fraud, breach of fiduciary duty, or violations of any federal, state or local statutes, common law, rules or regulations, that now exist or heretofore existed, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by the Class Members or any of them against any of the Released Parties, (ii) that could have been asserted in any forum by the Class Members, now or in the future, or any of them against any of the Released Parties that relate to, or that in any way arise out of, or are based upon, the allegations, transactions, facts, matters or occurrences, acts, disclosures, statements, representations, omissions, or failures to act involved, set forth, or referred to in the Complaint, and that relate to the purchase, sale or other disposition of the common stock of Beazer during the Class Period, or (iii) that relate to the purchase, sale or other disposition of the common stock of Beazer during the Class Period (the "Settled Claims"). "Settled Claims" does not mean or include the derivative claims asserted in *In re Beazer Homes USA, Inc. Derivative Litigation*, Civil Action No. 1:07-CV-842-CC (N.D. Ga.), or claims, if any, against the Released Parties arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). "Released Parties" means any and all of the Defendants; Beazer and any of its past, present, and future direct or

indirect parent companies, subsidiaries, subcontractors, divisions, affiliates, predecessors, successors, partners, principals, members, managers, attorneys, administrators, auditors, investment advisors, officers, directors, trusts, accountants, employees, stockholders, owners, agents, subrogees, insurers, reinsurers, servants, representatives, heirs, executors, personal representatives, legal representatives, transferees and assignees, and successors in interest of assigns; Deloitte & Touche LLP, Deloitte LLP (formerly known as Deloitte & Touche USA LLP), Deloitte Consulting LLP, Deloitte Financial Advisory Services LLP, Deloitte Tax LLP, Deloitte Services LP, and any of their past, present, and future direct or indirect parent companies, subsidiaries, subcontractors, divisions, affiliates, predecessors, successors, partners, principals, members, managers, attorneys, administrators, auditors, investment advisors, officers, directors, trusts, accountants, employees, stockholders, owners, agents, subrogees, insurers, reinsurers, servants, representatives, heirs, executors, personal representatives, legal representatives, transferees and assignees, and successors in interest of assigns; the Individual Defendants' legal representatives, heirs, successors in interest, or assigns; and any person, firm, trust, corporation, officer, director or other individual or entity in which any of the foregoing persons or entities has a controlling interest or which is related to or affiliated with any of them, and any and all persons natural or corporate in privity with them or acting in concert with

them or any of them (the "Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Pursuant to the PSLRA, the Released Parties are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the Released Parties; and (b) by the Released Parties against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment.

9. The Defendants and their heirs, executors, administrators, predecessors, successors and assigns of any of them and the other Released Parties, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants or any of the Released Parties against any of the Lead Plaintiffs, Class Members or

their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims of all the Released Parties are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b) offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

(c) offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that any of the Defendants may refer to it to effectuate the liability protection granted them hereunder;

(d) construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

11. The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Plaintiffs' Counsel are hereby awarded 18% of the Gross Settlement Fund in attorneys' fees, or $5,490,000, plus 18% of the interest earned on the Gross Settlement Fund, which sum the Court finds to be fair and reasonable, and $431,243.09 in reimbursement of expenses, which expenses shall be paid to Plaintiffs' Co-Lead Counsel from the Gross Settlement Fund with interest from the date such Gross Settlement Fund was funded to the date of payment at the same net rate that the Gross Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

14. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $30.5 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who

submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

 (b) Over 102,655 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in an amount of 25% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $550,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

 (c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

 (d) The action involves complex factual and legal issues and was actively prosecuted over several years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

 (e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that the Class may have recovered less or nothing from the Defendants; and

(f)     Plaintiffs' Counsel have devoted over 15,453 hours, with a lodestar value of $7,641,398.50, to achieve the Settlement.

15.     Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

16.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: _September 14_, 2009

_____
Honorable Clarence Cooper
UNITED STATES DISTRICT JUDGE

**Exhibit 1**

| EXC10<br>EXC10029 | Exclusion Report<br>BEAZER HOMES USA, INC SECURITY LIT. | | Page 1 of 2<br>17-Aug-09  1:09 PM |
|---|---|---|---|
| **IdNo** | **Name/Address** | **Postmark Date** | **Status** |
| 10058516 | FMT CO CUST IRA ROLLOVER<br>FBO JACK OWEN | 06/13/09 | Timely |

Associated Claims

| 10081731 | IRA FBO JOHN H CLAY<br>PERSHING LLC AS CUSTODIAN<br>ROLLOVER ACCOUNT | 06/29/09 | Timely |
|---|---|---|---|

Associated Claims

| 10090616 | J STANLEY CLAYPOOLE, P A | 07/23/09 | Timely |
|---|---|---|---|

Associated Claims

| 883 | STAR WEALTH MANAGEMENT | 07/28/09 | Timely |
|---|---|---|---|

Associated Claims

| 10094242 | LOWENSTEIN SANDLER PC<br>C/O FRANKLIN MUT SHARES<br>SEC.FUND-DEL<br>ATTN: SHEILA A SADIGHI | 07/30/09 | Timely |
|---|---|---|---|

Associated Claims

Page 1 of 2

| EXC10<br>EXC10029 | Exclusion Report<br>BEAZER HOMES USA, INC SECURITY LIT. | | Page 2 of 2<br>17-Aug-09  1:09 PM |
|---|---|---|---|
| **IdNo Description** | **Name/Address** | **Postmark Date** | **Status** |
| 10094477 | LOWENSTEIN SANDLER PC<br>C/O JNL/FRANKLIN MUTAL SHARES FUND<br>ATTN: SHEILA A. SADIGHI | 07/30/09 | Timely |
| | Associated Claims | | |
| 10039162 | LOWENSTEIN SANDLER PC.<br>C/O FRANKLIN MUT SHARES FUND - UK<br>ATTN: SHEILA A. SADIGHI | 07/30/09 | Timely |
| | Associated Claims | | |
| 10094510 | LOWENSTEIN SANDLER PC<br>C/O FRANKLIN MUTUAL SERIES FUND- DEL<br>ATTN: SHEILA A. SADIGHI | 07/30/09 | Timely |
| | Associated Claims | | |
| 10094413 | LOWENSTEIN SANDLER PC.<br>C/O EQ/AXA MUTUAL SHARES PORTFOLIO<br>ARRT: SHEILA A. SANIGHI | 07/30/09 | Timely |
| | Associated Claims | | |
| 10094044 | LOWENSTEIN SANDLER PC.<br>C/O FRANKLIN MUTUAL BEACON FUND - LUX<br>ATTN: SHEILA A. SADIGHI | 07/30/09 | Timely |
| | Associated Claims | | |

Total 10